Duer, J.
I have consulted my brethren'upon the questions raised upon this motion, and we are all of opinion that the constitution is not violated by the power which is given to a county judge, by the code, of making an order for the examination of a judgment debtor. Such an order is a substitute for a creditor’s bill, and in its nature is an equitable proceeding. By the express words of the constitution, equitable powers may be vested in a county court. The county judge is the court.
As to the effect of the second execution. Before the code, the *719 law was settled by repeated decisions of Chancellor Walworth, that a creditor’s bill is not superseded by the issuing of a new execution, unless it clearly appears that the property levied upon is the undisputed property of the debtor, and is sufficient to satisfy the debt. These rules are just as applicable to the examination of the debtor under the code as to the proceeding by bill, and we are all of opinion that they must still be followed. It is not only doubtful in this case whether the property levied upon is sufficient to satisfy the debt, but it is-claimed by the defendant’s brother under an assignment, and the validity of this claim is not only not denied, but asserted by the defendant. .
Motion denied with costs.